The Association For Disabled Americans, Inc., *et, al*
vs.
NKM CORP INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

Case No.:

**ASSOCIATION FOR DISABLED AMERICANS, INC.,** a Florida not-for profit Corporation, and **DANIEL RUIZ**, and **CLAUDIA MONCADA** Individually,

    Plaintiff,

**vs.**

**NKM CORP. INC.,**
a Florida for profit Corporation,.
d/b/a **CURTIS INN**
And **OTHERS UNKNOWN**

    Defendant(s).
_____,

## PLAINTIFFS' COMPLAINT FOR
## PERMANENT INJUNCTIVE RELIEF

Plaintiff, DANIEL RUIZ ("Mr. Ruiz"), and CLAUDIA MONCADA ("Ms. Moncada") and THE ASSOCIATION FOR DISABLED AMERICANS INC., (the "Association"), hereby sues the Defendant(s) NKM CORP INC., d/b/a CURTIS INN, and OTHERS UNKNOWN, for permanent injunctive relief and for access and barrier removal pursuant to the Americans With Disabilities Act 42 U.S.C. § 12181, *et seq.*, the Florida Americans With Disabilities Accessibility Implementation Act, and the Florida Accessibility Code for Building Construction, (hereinafter collectively referred to as "FACBC").

## JURISDICTION AND VENUE

The Association For Disabled Americans, Inc., *et, al*
vs.
NKM CORP INC.

1. This action arises from a violation of Title III of the Americans With Disabilities Act, Title 42 U.S.C. § 12181, *et seq.*, as more fully set forth herein. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. This Court also has pendant jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3. Venue lies in this district as the property which is the subject matter of this claim is located in this judicial district, and the Defendants' are doing business in this judicial district.

## STATUTORY BACKGROUND

4. On July 26, 1990, Congress enacted the Americans with Disabilities Act, ("ADA") of 1990, setting forth important civil rights for individuals with disabilities, including the right to the full and equal enjoyment of the goods, facilities, privileges, and access to places of public accommodation.

5. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993, if the Defendant has ten (10) or fewer employees and gross receipts of $500,000.00 or less. 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

## THE PARTIES AND STANDING

6. Plaintiff, Mr. Ruiz is a Florida resident, is *sui juris* and qualifies as an individual with a disability as defined by the ADA. He suffers from paraplegia and requires a wheelchair to ambulate at all times.

7. Mr. Ruiz's primary residence is located in Broward County.

8. On March 1, 2012, Mr. Ruiz and his wife Ms. Moncada, traveled to Hollywood on

Case 0:12-cv-61764-WJZ   Document 1   Entered on FLSD Docket 09/07/2012   Page 3 of 16
Page 3 of 16
The Association For Disabled Americans, Inc., *et, al*
vs.
NKM CORP INC.

vacation, and attempted to book a handicapped accessible room at the subject property commonly known within the community as the Curtis Inn.

9. Upon arrival, Mr. Ruiz and Ms. Moncada drove within the Curtis Inn parking lot looking for an available handicapped parking space, however there was only one disabled parking space present and it was not visible from the front of the hotel, or from the side parking lot, and was not nearest the accessible entrance.

10. Mr. Ruiz then requested a room and was shown their one (1), designated accessible room.  In attempting to use the bathroom, no grab bars were present at the commode and the shower was unusable without compliant grab bars, bench, and a hand-held showerhead.

11. Mr. Ruiz found that access to the room was dangerous as sidewalks lacked adequate width and excessive vertical changes of level were present at the entrance to the guestroom.

12. Mr. Ruiz checked out of the hotel, as he and Ms. Moncada were unable to stay without the requisite accessible elements within the bathroom.

13. Other barriers noticed by Plaintiff Mr. Ruiz include but are not limited to; (1) sidewalks throughout the common areas lack adequate width, as they are less than 36"; (2) the fire extinguisher hanging in the walkway is a protruding object; and (3) various vending machines at this site have money slots above reach parameters.

14. Mr. Ruiz and his wife Ms. Moncada were prevented from enjoying the amenities provided to the general public, but plan on returning to the subject property once the barriers therein have been remedied.

The Association For Disabled
Americans, Inc., *et, al*
vs.
NKM CORP INC.

## **INDIVIDUAL PLAINTIFF CLAUDIA MONCADA**

15. Plaintiff, Ms. Moncada is a Florida Resident, is *sui juris,* and is a member of the Association.

16. Ms. Moncada residence is located in Broward County.

17. On March 1, 2012, Ms. Moncada was excluded and/or denied access to the amenities Curtis Inn offers to the general public.

18. Ms. Moncada has standing pursuant to 42 U.S.C. § 12182(b)(E); 28 C.F.R. § 36.205 of Title III of the Americans With Disabilities Act.

19. 28 C.F.R. § 36.205 reads in pertinent part:

    > A public accommodation shall not exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.

20. The Defendant, Curtis Inn has discriminated against Ms. Moncada by excluding and/or denying her equal access to the goods, services, facilities, privileges, advantages and opportunities available to the general public at the Defendant's facilities because of her relationship with Plaintiff Mr. Ruiz.

21. Ms. Moncada plans to return to the Defendants' facilities once the barriers therein have been remedied.

22. Plaintiff, the Association, is a Florida not-for-profit Corporation.

23. Members of the Association live throughout Florida and desire to avail themselves of the benefits found within the public accommodation facilities open to the general public, like those of the Defendant, Curtis Inn.

Case 0:12-cv-61764-WJZ   Document 1   Entered on FLSD Docket 09/07/2012   Page 5 of 16

The Association For Disabled
Americans, Inc., *et, al*
vs.
NKM CORP INC.

24. The Association through its Members visited Defendant's establishment.

25. Members of the Association, including the Plaintiff's Mr. Ruiz, are within the class of disabled individuals who have a realistic, credible, existing, and continuing threat of discrimination by the Defendant's non-compliance with the ADA.

26. The interests the Association seeks to protect are germane to the organization's purpose.

27. The Association represents the interest of its member's by assuring that places of public accommodation are accessible, and usable by the disabled. Plaintiff Mr. Ruiz, and by association Ms. Moncada, have suffered, and will continue to suffer direct and indirect injury as a result of the barriers found at the Curtis Inn until compelled to comply with the requirements of the ADA.

28. The Association believes that individual members like Mr. Ruiz, and others with similar and/or other disabilities, as well as those individuals who associate with the aforementioned disabled individuals will continue to be subjected to discrimination by the Defendant's so long as there place of public accommodation remains in violation of the ADA.

29. The Association seeks to enforce the provisions of the ADA against the Defendant's by requesting permanent injunctive relief in the event Defendant's fail to remove the barriers found at the Curtis Inn.

## COUNT 1

### ACTION FOR INJUNCTIVE RELIEF
### UNDER THE AMERICANS WITH DISABILITIES

30. Plaintiffs' adopt and re-allege the allegations stated in paragraphs 1 through 29 of this

Case 0:12-cv-61764-WJZ   Document 1   Entered on FLSD Docket 09/07/2012   Page 6 of 16
The Association For Disabled Americans, Inc., *et, al*
vs.
NKM CORP INC.

Complaint as if fully stated herein.

31. Pursuant to 42 U.S.C. § 12181(7), and 28 CFR § 36.104, the building which is the subject of this action is a public accommodation covered by the ADA, and must be in compliance therewith.

32. The Defendant's have discriminated against Mr. Ruiz, because the barriers have denied or diminished Mr. Ruiz ability to visit the property, and the barriers are a danger to his safety.

33. The Defendant's discrimination against Mr. Ruiz has also caused Ms. Moncada to be discriminated against, because she too was prevented from enjoying the amenities at Defendant's property on account of her relationship with Mr. Ruiz.

34. Defendant's have discriminated against all named Plaintiffs' by denying them access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and or accommodations of its place of public accommodation in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*,

35. This motel has failed to conduct barrier removal pursuant to 28 CFR Part 36.304, ADAAG §§ 101.2 & 202.6.

36. One disabled parking space is present but it is not visible from the front of the hotel, or from the side parking lot, and is not nearest the accessible entrance pursuant to ADAAG § 208.3.

37. The motel does not provide adequate numbers of disabled parking space pursuant to ADAAG § 208.3.

**COMMON AREAS & GUESTROOM**

Case 0:12-cv-61764-WJZ   Document 1   Entered on FLSD Docket 09/07/2012   Page 7 of 16

The Association For Disabled
Americans, Inc., *et, al*
vs.
NKM CORP INC.

38. Entrances to different guestrooms have a vertical change in level exceeding five (5) inches precluded by ADAAG §§ 303.4 & 404.2.4.4.

39. Entrance doors into the guestrooms do not provide accessible hardware pursuant to ADAAG §§ 309 & 404.2.7.

40. Room numbers for guest rooms do not provide Braille pursuant to ADAAG § 703.3.

41. The disabled guest room and other guest rooms have peepholes that are mounted above forty-eight (48) inches inches pursuant to ADAAG § 809.5.5.2.

42. The one (1) disabled guestroom has a vertical change in level at the threshold exceeding one fourth (¼) of an inch without required beveling pursuant to ADAAG §§§ 303.3, 303.4, & 404.2.

43. Sidewalks throughout the common areas lack adequate width, as they are less than thirty six (36) inches pursuant to ADAAG § 403.5.1.

44. The fire extinguisher hanging in the walkway is a protruding object precluded by ADAAG §§ 204.1 & 307.2.

45. Various vending machines at this site have money slots above reach parameters precluded by ADAAG §§ 228.1 & 309.

46. Laundry facilities have coin slots above reach parameters pursuant to ADA §§ 228.1 & 309.

47. The table in the pool area does not provide adequate clearance for individual who uses a wheelchair to pull beneath precluded by ADAAG §§ 306 & 902.

48. No means is present to enter the pool for individual with a mobility impairment precluded by ADAAG § 1009.2.

Case 0:12-cv-61764-WJZ   Document 1   Entered on FLSD Docket 09/07/2012   Page 8 of 16

The Association For Disabled
Americans, Inc., *et, al*
vs.
NKM CORP INC.

49. The hotel has 29 guestrooms and is required to provide mobility features in no less than two (2) guestrooms pursuant to ADAAG §§ 224.2 & 806.2. This motel has only one (1) designated accessible guestroom.

50. The guestrooms do not provide adequate clearance on both sides of a bed pursuant to ADAAG § 806.2.

51. Within the guestroom designated as "accessible" no side grab bar is present at the commode pursuant to ADAAG § 604.5.2.

52. No rear grab bar is present at the commode pursuant to ADAAG § 604.5.1.

53. Grab bars on the back wall of the tub are improperly located pursuant to § 607.4.

54. No grab bar is present on the control wall pursuant to ADAAG § 607.4.

55. No grab bar is present on the head wall pursuant to ADAAG § 607.4.

56. The shower head in the guestroom bathroom does not provide a turn off switch or temperature control pursuant to ADAAG § 607.6.

57. Within the guestroom bathroom, the tub does not provide a stable seat with required dimensions pursuant to ADAAG § 607.3.

58. Tables within the guestrooms do not provide the requisite depth of no less than seventeen (17) inches precluded by ADAAG §§ 306 & 902.

59. Controls on the stove and oven are not mounted on the front pursuant to ADAAG § 804.6.5.3.

60. Controls for the microwave are beyond reach parameters pursuant to ADAAG § 308.

61. Furnishings within the guestrooms do not provide accessible hardware pursuant to ADAAG § 309.4.

Case 0:12-cv-61764-WJZ Document 1 Entered on FLSD Docket 09/07/2012 Page 9 of 16

The Association For Disabled
Americans, Inc., *et, al*
vs.
NKM CORP INC.

62. No accessible shuttle service is available for patrons who use a wheelchair pursuant to 28 CFR Part 36.202.

63. The aforementioned list of barriers described in paragraphs 35 through 62 is NOT an exclusive list, and the Plaintiffs' require an inspection of the Defendant's property to determine more fully if other ADA barriers are present.

64. Notice to the Defendant's is not required as a result of Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less). All other conditions precedent have been met by Plaintiffs' or waived by the Defendant's.

65. Plaintiffs' Mr. Ruiz, Ms. Moncada, and the Association are without an adequate remedy at law.

66. Pursuant to 42 U.S.C. § 12188, this Court is provided the authority to grant Plaintiffs' with Injunctive Relief including an order to alter the Defendant's facility to make those facilities readily accessible to the Plaintiffs' and all other persons with disabilities as defined by the ADA; or in the case of extreme remedy, order the facility to close its operation either temporarily or permanently until such time as the Defendant's cure its violations of the ADA.

67. Plaintiffs' have retained the undersigned counsel and are obligated to pay reasonable Attorneys' Fees including costs and expenses from the Defendant's pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

**WHEREFORE**, Plaintiffs' respectfully request the Court:

A. Issue a temporary or permanent injunction enjoining the Defendant's from

Case 0:12-cv-61764-WJZ   Document 1   Entered on FLSD Docket 09/07/2012   Page 10 of 16

The Association For Disabled
Americans, Inc., *et, al*
vs.
NKM CORP INC.

    continuing their discriminatory practices, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

B. An award for attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. §12205; and

C. Such other relief as the Court deems just and proper.

## COUNT II

### ACTION FOR VIOLATIONS OF THE FLORIDA AMERICANS WITH DISABILITIES ACCESSIBILITY IMPLEMENTATION ACT

68. This an action for injunctive relief pursuant to the Florida Americans With Disabilities Accessibility Implementation Act pursuant to Title XXXIII, Part II, Chapters 553.501 through 553.513 of the Florida Statutes.

69. Plaintiffs' adopt and re-allege the allegations stated in paragraphs 1 through 68 of this Complaint as if fully stated herein.

70. Florida Statutes § 553.503 adopted and incorporated as law of the State of Florida "The Federal Americans with Disabilities Act Accessibility Guidelines, (ADAAG), as adopted by reference in 28 C.F.R. §36, subparts A and D,[1] and Title II of Public Law No. 101-336,[2]" subject to the additional requirements of Fla. Stat. § 553.504.

71. Florida Statutes § 553.503, required the adoption of the Florida Accessibility Code for Building Construction, or FACBC. FACBC establishes standards for accessibility to

---

[1] 28 CFR §§ 36.101, *et seq,* 36.401, *et seq.*

[2] 42 U.S.C.A. § 12131, *et seq.*

Case 0:12-cv-61764-WJZ   Document 1   Entered on FLSD Docket 09/07/2012   Page 11 of 16

The Association For Disabled Americans, Inc., *et, al*
vs.
NKM CORP INC.

places of public accommodation and commercial facilities by individuals with disabilities to take effect on October 7, 1997. *See FACBC* Chapter 11 and Fla. Stat. § 553.503.

72. In addition, Fla. Stat. § 553.502 provides that "nothing in §§ 553.01-553.513 is intended to expand or diminish the defenses available to a place of public accommodation under the Americans with Disabilities Act and the Federal Americans with Disabilities Act Accessibility Guidelines, including, but not limited to, the readily achievable standard, and the standards applicable to alterations to places of public accommodation." *Citing* Fla. Stat. § 553.502.

73. Title XXXIII, Part IV, Florida Building Code, Chapter 553.73(b) of the Florida Statutes provides:

> <u>The technical portions of the Florida Accessibility Code for Building Construction shall be contained in their entirety in the Florida Building Code.</u> The civil rights portions and the technical portions of the accessibility laws of this state shall remain as currently provided by law. Any revision or amendments to the Florida Accessibility Code for Building Construction pursuant to part II shall be considered adopted by the commission as part of the Florida Building Code. Neither the commission nor any local government shall revise or amend any standard of the Florida Accessibility Code for Building Construction except as provided for in

Case 0:12-cv-61764-WJZ   Document 1   Entered on FLSD Docket 09/07/2012   Page 12 of 16

Page 12 of 16
The Association For Disabled Americans, Inc., *et, al*
vs.
NKM CORP INC.

part II. *Citing* Fla. Stat. § 553.73(b), [*emphasis added*].

74. Title XXXIII, Part IV, Florida Building Code, Chapter 553.84 of the Florida Statutes provides, *inter alia*:

> Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation; *Citing* Fla. Stat. § 553.84.

75. Title 28 C.F.R. § 36.103(c), provides that the ADAAG "does not invalidate or limit the rights remedies and procedures of any other State or local law (including State Common Law) that provide greater or equal protection for the rights of the individuals with disabilities or individuals associated with them." *Id*.

76. At all times relevant herein, Defendant's had a duty under Fla. Stat. § 553.501, *et seq.*, to provide Plaintiffs' access to the subject premises herein.

77. Defendant's breached their duty to provide Plaintiffs' access to the subject premises, thereby discriminating against Plaintiffs', in violation of Fla. Stat. § 553.501, *et seq.*, as follows.

78. This motel has failed to conduct barrier removal pursuant to 28 CFR Part 36.304, FACBC §§ 101.2 & 202.6.

79. One disabled parking space is present but it is not visible from the front of the hotel,

Case 0:12-cv-61764-WJZ   Document 1   Entered on FLSD Docket 09/07/2012   Page 13 of 16

Page 13 of 16
The Association For Disabled
Americans, Inc., *et, al*
vs.
NKM CORP INC.

or from the side parking lot, and is not nearest the accessible entrance pursuant to Florida statute 553.5041, FACBC § 208.3.

80. The motel does not provide adequate numbers of disabled parking space pursuant to Florida Statute 553.5041, FACBC § 208.3.

81. Entrances to different guestrooms have a vertical change in level exceeding five (5) inches precluded by FACBC §§ 303.4 & 404.2.4.4.

82. Entrance doors into the guestrooms do not provide accessible hardware pursuant to FACBC §§ 309 & 404.2.7.

83. Room numbers for guest rooms do not provide Braille pursuant to FACBC § 703.3.

84. The one (1) disabled guestroom has a vertical change in level at the threshold exceeding one fourth (¼) of an inch without required beveling pursuant to FACBC §§§ 303.3, 303.4, & 404.2.

85. Sidewalks throughout the common areas lack adequate width, as they are less than thirty-six (36) inches pursuant to FACBC § 403.5.1.

86. The fire extinguisher hanging in the walkway is a protruding object precluded by FACBC §§ 204.1 & 307.2.

87. Various vending machines at this site have money slots above reach parameters precluded by FACBC §§ 228.1 & 309.

88. Laundry facilities have coin slots above reach parameters pursuant to FACBC §§ 228.1 & 309.

89. The table in the pool area does not provide adequate clearance for individual who uses a wheelchair to pull beneath precluded by FACBC §§ 306 & 902.

Case 0:12-cv-61764-WJZ   Document 1   Entered on FLSD Docket 09/07/2012   Page 14 of 16

The Association For Disabled
Americans, Inc., *et, al*
vs.
NKM CORP INC.

90. The hotel has 29 guestrooms and is required to provide mobility features in no less than two (2) guestrooms pursuant to FACBC §§ 224.2 & 806.2.  This motel apparently, has only one (1) designated accessible guestroom.

91. The guestrooms do not provide adequate clearance on both sides of a bed pursuant to FACBC § 806.2.

92. Within the guestroom designated as "accessible" no side grab bar is present at the commode pursuant to FACBC § 604.5.2.

93. No rear grab bar is present at the commode pursuant to FACBC § 604.5.1.

94. Grab bars on the back wall of the tub are improperly located pursuant to FACBC § 607.4.

95. No grab bar is present on the control wall pursuant to FACBC § 607.4.

96. No grab bar is present on the head wall pursuant to FACBC § 607.4.

97. The shower head in the guestroom bathroom does not provide a turn off switch or temperature control pursuant to FACBC § 607.6.

98. Within the guestroom bathroom, the tub does not provide a stable seat with required dimensions pursuant to FACBC § 607.3.

99. Tables within the guestrooms do not provide the requisite depth of no less than seventeen (17) inches precluded by FACBC §§ 306 & 902.

100. Controls for the microwave are beyond reach parameters pursuant to FACBC § 308.

101. Furnishings within the guestrooms do not provide accessible hardware pursuant to FACBC § 309.4.

102. The aforementioned list of barriers described in paragraphs 78 through 101 is NOT an

Case 0:12-cv-61764-WJZ Document 1 Entered on FLSD Docket 09/07/2012 Page 15 of 16

Page 15 of 16
The Association For Disabled
Americans, Inc., *et, al*
vs.
NKM CORP INC.

exclusive list, and the Plaintiffs' require an inspection of the Defendant's property to determine more fully if other FACBC barriers are present.

**WHEREFORE**, Plaintiffs respectfully request the Court:

A. Issue a temporary or permanent injunction enjoining the Defendants from continuing their discriminatory practices, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

B. An award for attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205;

C. Such other relief as the Court deems just and proper.

Respectfully Submitted,

By: /s/ RobbenM.Heethuis.,ESQ

RobbenM.Heethuis.,ESQ
(Florida Bar No.:75899)
Heethuis and Associates LCC
**THE LAW CENTER**
1888 NW 7thStreet
Miami, FL 33125
Phone: (269) 370-4751
Fax:    (305)-643-3334
Email: Max.Heethuis@hotmail.com
Attorney for Plaintiffs:
Danny Ruiz
Claudia Moncada, and
The Association For
Disabled Americans, Inc.

By: /s/ Camilo F. Ortega, Esq.

The Association For Disabled
Americans, Inc., *et, al*
vs.
NKM CORP INC.

        Camilo F. Ortega, Esq.
        (Florida Bar No: 75387)
        Ortega Law Group P.A.
        **THE LAW CENTER**
        1888 NW 7thStreet
        Miami, FL 33125
        Phone: (786)-452-9709
        Fax: (305)-643-3334.
        Email:Camilo@ortegalawgroup.com
        Co-Counsel for Plaintiffs:
        Danny Ruiz
        Claudia Moncada, and
        The Association For
        Disabled Americans, Inc.